RECEIVED
IN LAKE CHARLES, LA.
AUG 24 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARCUS BRANDON TAYLOR** | : | **DOCKET NO. 2:11 CV 1292** |
| VS. | : | JUDGE MINALDI |
| CITGO PETROLEUM CORP. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, filed by the defendant, CITGO Petroleum Corporation ("Citgo") [Doc. 10]. The plaintiff, Marcus Brandon Taylor, filed a Memorandum in Opposition to the Motion [Doc. 12], and Citgo filed a Reply [Doc. 15]. Having considered the memoranda of the parties, the record, and the applicable law, the Court finds that the defendant's Motion for Summary Judgment [Doc. 15] will be GRANTED.

### FACTS

On or about August 16, 2010, Citgo entered into a contract with AltairStrickland to perform repairs on a catalytic cracker.[1] Citgo uses the catalytic cracker to convert petroleum crude oils into gasoline and other products; the operation of the catalytic cracker is essential to Cigto's ability to generate its goods, products and services.[2] The contract between Citgo and AltairStrickland states that all work and operations performed by AltairStrickland would be "integral and essential to Citgo's operations" and that Citgo would be the "statutory employer"

---

[1] Mot. for Summary Judgment pg. 2.

[2] *Id.*

1

of AltairStrickland's employees performing work under the contract for purposes of the Louisiana Worker's Compensation Act.[3]

The matter before this court arises from an incident that took place on February 9, 2011.[4] On that date, the plaintiff, Marcus Brandon Taylor ("Taylor"), was employed by AltairStrickland and was working to repair a catalytic cracker at Citgo's plant located in Calcasieu Parish, Louisiana.[5] Taylor alleges that he stepped into a hole while walking to retrieve a tool from the lay down yard.[6] As a result of the accident, Taylor alleges that he sustained injuries to his left ankle and foot which required "months of conservative care, surgery and rehabilitation."[7]

Taylor attempted to obtain worker's compensation benefits from AltairStrickland, but AltairStrickland denied payment.[8] Subsequently, Taylor filed a workers' compensation claim against AltairStrickland with the Texas Department of Insurance. Taylor's claim with the Texas Department of Insurance is currently pending.[9]

---

[3] Specifically, paragraph 2.11 of the contract provided:
   2.11 Louisianan Statutory Employer. Notwithstanding anything to the contrary herein, in all cases where CONTRACTOR's [AltairStrickland's] employees (defined to include CONTRACTOR's direct, borrowed, special, or statutory employees) are covered by Louisiana Worker's Compensation Act La. R.S. 23:1021 et seq. COMPANY [CITGO] and CONTRACTOR [AltairStrickland] agree that all work and operations performed by the CONTRACTOR and its employees pursuant to this Agreement are an integral part of and are essential to the ability of COMPANY to generate COMPANY's goods, products and services for purposes of La. R.S. 23:1061(A)(1). Furthermore, COMPANY and CONTRACTOR agree that COMPANY is the statutory employer of CONTRACTOR'S employees for the purposes of La. R.S. 23:1061(A)(3). Def.'s Mot. for Summ. J. Ex. A to Ex. 1, Contract [Doc. 10-4]

[4] Compl. ¶ 4.

[5] *Id.*

[6] Pl.'s Mot. for Summary Judgment pg. 2-3.

[7] Compl. ¶ 5-6.

[8] Def.'s Opposition to Summary Judgment Pg. 2.

[9] *Id.*

Taylor brings this cause of action against Citgo for "negligent... care, maintenance, monitoring and notification of [a] potentially hazardous condition on [it's] premises."[10] Citgo moves for Summary Judgment on the grounds that Taylor was a statutory employee of Citgo and therefore is not entitled to tort remedy.[11]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 371, 323-24 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *Anderson* 477 U.S. at 248. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Id.* at 247-48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson*, 477 U.S. at 255.

---

[10] Compl. ¶ 9.

[11] Pl.'s Mot. for Summary Judgment pg. 4-5.

## LAW AND ANALYSIS

Citgo argues that it is immune from tort liability in this case based on its status as Taylor's statutory employer pursuant to Louisiana's Workers' Compensation Act, La. Rev. Stat. § 23:1021, *et seq.* Specifically, Citgo asserts that it is immune from tort liability pursuant to § 23:1061(A)(3).[12]

Under Louisiana Worker's Compensation Law, when a "principal" hires a contractor to perform work that is "a part" of the principal's "trade, business, or occupation," the principal is liable to pay workers' compensation benefits to any injured employee of the contractor. La. Rev. Stat. § 23:1061. In such instances, the principal is commonly referred to as the "statutory employer." In exchange for the responsibility placed on statutory employers, the statute affords them immunity from tort liability to their statutory employees. La. Rev. Stat. § 23:1032. Thus, a principal is immune from tort liability if the contract work was a part of the principal's trade, business, or occupation. *Salsbury v. Hood Indus., Inc.*, 982 F.2d 912, 913-14 (5th Cir. 1993). The law further provides that a written contract establishes a rebuttable presumption of a statutory employee-employer relationship, which may be defeated by showing that "the work being performed is not an integral part of or essential to the ability of the principal to generate the individual principal's goods, products, or services." La. Rev.Stat. § 23:1061(A)(3).

Taylor does not dispute the existence of a written agreement between Citgo and AltairStrickland which expressly provides that "Citgo is the statutory employer of AltairStrickland employees for the purposes of La. R.S. 23:1061(A)(3)."[13] He argues, however, that (1) the contract does not create a statutory employer-employee relationship,[14] (2) that the

---

[12] Def.'s Mot. for Summary Judgment pg. 4.

[13] Exhibit A to Exhibit 1 (Contract, at Exhibit b-1, section 2.11).

[14] Pl's Opposition to Summary Judgment pg. 3.

4

work performed by Taylor was not integral or essential to Citgo's trade, business, or occupation,[15] and (3) that Taylor's status as an independent contractor with Citgo precludes him from being Citgo's statutory employee.[16]

### I.

Taylor first argues that the contract between Citgo and AltairStrickland does not create a statutory employee-employer relationship because the contract designates Citgo as a "statutory employer" for the purposes of tort immunity but it also limits Citgo's obligation to pay worker's compensation.[17] Taylor is attempting to seek workers compensation benefits from Citgo; however Citgo's contract with AltairStrickland indicates that AltairStrickland will be responsible for paying all worker compensation benefits.[18] In essence, Taylor argues that Citgo can only enjoy tort immunity if Citgo accepts the liability to pay workers compensation benefits. Taylor contends that Citgo is "[attempting] to claim statutory employer status without providing that which a statutory employer must provide to enjoy immunity (workers compensation benefits)." Thus, this Court should render the agreement null and void for public policy reasons.[19]

Courts, however, have consistently refused to hold statutory employers unconditionally or primarily responsible for the payment of compensation benefits. *Berthelot v. Murphy Oil, Inc.*, CIV.A. 09-4460, 2010 WL 103871 (E.D. La. Jan. 7, 2010) (upholding a contractual provision that allowed the statutory employer immunity from all compensation benefits). Others courts have also upheld similar contractual provisions which grant the statutory employer immunity

---

[15] *Id.* at 4.

[16] *Id.* at 7.

[17] *Id.* at 5.

[18] *See* Contract

[19] *Id.*

from similar liability if a written contract is undisputed. See *English v. Apache Corp.*, No. 10-4419, 2011 WL 3352011 (E.D. La. Aug. 3, 2011); *Johnson v. Tennessee Gas Pipeline Co.*, 99 F. Supp. 2d 755 (E.D. La. 2000); *Smith v. Marathon Ashland Petroleum LLC*, 04-517 (La. App. 5 Cir. 10/26/04), 887 So.2d 613.

Further, Taylor's reliance on *Prejean v. Maint. Enterprises, Inc.*, 2008-0364 (La. App. 4 Cir. 3/25/09), 8 So. 3d 766 is misplaced. In *Prejean*, the plaintiff brought tort action against his employer (MEI) and a refinery (Murphy Oil) seeking damages for injuries the plaintiff sustained while performing work at Murphy's refinery. *Id.* The Louisiana Fourth Circuit Court of Appeals ruled that the contract between Murphy and MEI was invalid because the specific contractual language permitted Murphy to pay worker's compensation benefits only if "the direct employer … is unable to pay." *Id.* 775. The specific language of the contract troubled the Court because the plaintiff would have to expend a considerable amount of resources just "to prove that his direct employer was 'unable' to pay him benefits," before moving to the merits of the case. *Id.* This case is distinguishable, however, because the contract between Citgo and AltairStrickland does not contain any specific contractual language that would create a similar perquisite that the court found troubling in *Prejean*.

Additionally, the *Prejean* court implicitly upheld the contractual provision that is in dispute in this case. *Prejean* cites a contractual provision from *Smith* which the *Prejean* court found acceptable. In *Smith*, the court upheld the following statutory employer language.

> "… regardless of any other relationship or alleged relationship between the parties [sic] employees, *contractor shall be and remain at all times primarily responsible for the payment of Louisiana Worker's Compensation Benefits to its employees, and neither contractor not its underwriter shall be entitled to seek contribution for any such payment form company*."
>
> *Id* (emphasis added).

The provision upheld by the Louisiana Fifth Circuit Court of Appeals is virtually identical to Citgo's statutory employer provision, thus defeating Taylor's reasoning. *Id.* The contractual prevision at dispute contains the following statutory employer language.

> "Irrespective of company's status as the statutory employer or special employer (as defined in La. R.D. 23: 1061 (c)) of contractor's employees, *contractor shall remain primarily responsible for the payment of Louisiana Workers' compensation benefits to its employees, and shall not be entitled to seek contribution for any such payments from company.*" [20] (emphasis added).

Taylor has failed to show any material facts in dispute that would cast doubt on the validity of the contract, thus the question becomes one of law. Taylor has failed to demonstrate, and this court has been unable, to find any compelling authority which supports his position. Conversely, Citgo has demonstrated the validity of similar contractual provisions.

## II.

The contract states in plain language that Citgo is legally presumed to be the statutory employer of all individuals employed by AltairStrickland.[21] The contract further specifically provides that the work being performed by AltairStrickland is "integral and essential" to Citgo's ability to generate it goods, products and services.[22] In the presence of a written statutory employee-employer agreement, the only way for Taylor to avoid Citgo's statutory employer status is to rebut the legal presumption that "the work" being performed by AltairStrickland is "not an integral part or essential" to Citgo's ability to generate its "goods, products or services." La. R.S.23:16061(A)(3).

---

[20] Pl.'s Exhibit A to Exhibit 1.

[21] *Id.*

[22] *Id.*

Taylor alleges that he was "cautiously walking across the lay down yard attending to his assigned tasks when he stepped in a hole … and fell."[23] Taylor argues that he was "walking" during the time of the accident and not engaged in the repair of the catalytic cracker, therefore he was not undertaking a task that was within his scope of employment. It is irrelevant what specific task Taylor was engaged in for the analysis as long as the task is undertaken to advance Taylor's primary employment responsibility. *Applegarth v. Transamerican Ref. Corp.*, 00-1547 (La. App. 5 Cir. 2/28/01, 781) So. 2d 804. Courts have consistently held that the work that a "contractor" undertakes to perform for the "primary" function of his employment is also considered to be within the scope of his employment. *Id.* In *Applegarth*, the court affirmed that an injury sustained during a bus ride en route to a job site occurred in the course of the plaintiff's employment. *Id.* Additionally in *English, v. Apache Corp.*, CIV.A. 10-4419, 2011 WL 3354011 (E.D.La. Aug. 2, 2011), the court rejected the argument that the plaintiff was outside of the scope of his employment when he was injured while walking to a pre-job safety meeting. Thus, courts refuse to focus on the singular task that the employee was engaged in but rather focus on the totality of the circumstances. Therefore, we cannot focus on the single isolate fact that Taylor was simply "walking."[24] Taylor was walking to retrieve tools that he would need to complete his primary employment responsibility, if he did not retrieve the tools, he would not have advanced his primary employment. Therefore, Taylor was performing a task essential to his employment and essential to Citgo's ability to generate its goods.

---

[23] Comp. ¶ 4.

[24] *Id.*

8

Taylor also alleges that the contract defines him as an "independent contractor" on several occasions.[25] Taylor contends that independent contractor status should supersede statutory employer status.[26] However, courts have previously rejected similar arguments, noting that "there is no conflict between ... [an] independent contractor and the amendment to the agreement defining ... [the defendant] as a statutory employer." *Johnson*, 99 F. Supp. 2d at 758. Additionally, "[e]ven if a worker is found to be an independent contractor, he may still be subject to the worker's compensation ... [as] a statutory employee under Louisiana Revised Statutes 23:1032 or 23:1061.13. *Salmon v. Exxon Corp.*, 824 F. Supp. 81, 84 (M.D. La. 1993).

## CONCLUSION

Taylor has failed to establish that the contractual provision is void as a matter of law. Furthermore, Taylor has failed to produce any evidence which would demonstrate that his injuries were not sustained during the course of his employment. Accordingly, Citgo's Motion for Summary Judgment will be granted, and Taylor's complaint will be dismissed.

Lake Charles, Louisiana, this 23 day of August 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[25] Pl.'s Opposition to Summary Judgment pg. 7-8.

[26] *Id.* at 8.